IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.

CHERYL GRINDLE,

    Plaintiff,

16-2009-CC-001760 -XXXX-MA

v.

GC SERVICES, LP.,

3:09-cv-272-J-25HTS

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, CHERYL GRINDLE, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, GC SERVICES, LP., and alleging as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2.    Plaintiff, CHERYL GRINDLE ("Plaintiff"), is a "consumer" as defined by the FDCPA.

3.    At all relevant times herein, Defendant, GC SERVICES, LP. ("Defendant") or ("GCS") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4.    Defendant is a corporation that is authorized to do business and maintains an office in Duval County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. GCS

5.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6.    Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7.    Defendant regularly collects debts from consumers such as the Plaintiff.

8.    Over the past year, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls and written correspondences to Plaintiff in at attempt to collect the aforementioned alleged debt.

9.    In response to Defendant's harassment, Plaintiff sent numerous letters requesting that Defendant send proof of the purported debt and that Defendant cease calling Plaintiff's place of employment in regard to the purported debt. (See copy of letter dated September 22, 2008, attached hereto as Exhibit "A").

10.   Defendant refused to send Plaintiff written validation of the debt, and continued calling Plaintiff's place of employment after receiving the aforementioned written correspondences.

11.   Defendant's agents and employees repeatedly contacted third parties, including but not limited to Plaintiff's father and Plaintiff's co-workers, in an attempt to collect the purported debt, and discussed the details of the debt with those third parties.

12. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff in an attempt to collect the purported debt, used willfully abusive language and accused Plaintiff of having committed a crime in connection with her failure to pay the purported debt.

13. Defendant continued to call and harass Plaintiff in regard to the purported debt despite having received written correspondence from Plaintiff requesting that said contacts cease and desist and/or indicating that she was refusing to pay the debt.

14. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

   a. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b in violation of 15 U.S.C. §1692c(b);

   b. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including discussing the debt with Plaintiff's elderly father and co-workers in violation of 15 U.S.C. §1692b(2) and §1692c(b);

   c. Repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer in violation of 15 U.S.C. §1692c(a)(1) and (3);

   d. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff in violation of 15 U.S.C. §1692d(2);

   e. Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff in violation of 15 U.S.C. §1692e(7);

    f.    Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt in violation of 15 U.S.C. §1692c(c); and

    g.    Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

15.    As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

16.    As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CHERYL GRINDLE, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST GCS

17.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

 a. Disclosed to someone other than the debtor or her family information affecting the debtor's reputation in violation of Fla. Stat. §559.72(5);

 b. Claimed, attempted, or threatened to enforce a debt while knowing that the debt was not legitimate or asserted the existence of some other legal right while knowing that the right did not exist in violation of Fla. Stat. §559.72(9);

 c. Used profane, obscene, vulgar or willfully abusive language in attempting to collect the purported debt in violation of Fla. Stat. §559.72(8); and

 d. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

19. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CHERYL GRINDLE, by and through her attorneys, respectfully prays for judgment as follows:

 a. All actual compensatory damages suffered;

 b. Emotional and/or mental anguish damages;

 c. Punitive damages:

 d. Statutory damages of $1,000.00;

 e. Plaintiff's attorneys' fees and costs;

 f. Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiff, CHERYL GRINDLE, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551